KM

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Kavon D. Hatch,

Plaintiff,

v.

J. Neal, et al.,

Defendants.

No.    CV-25-04946-PHX-JAT (JZB)

**ORDER**

Self-represented Plaintiff Kavon D. Hatch, who is confined in a Maricopa County Jail, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will dismiss without prejudice Count Two and Defendants Watkins, CIU, Maricopa County and Ramos. The Court will stay consideration of Count One, pending the conclusion of Plaintiff's criminal proceedings in Maricopa County Superior Court, case number CR2025-007787.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

JDDL

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### III.    Complaint

In his two-count Complaint, Plaintiff names the following Defendants: SSU Officer J. Neal, Assistant Deputy Warden Watkins, Arizona Department of Corrections Rehabilitation & Reentry's (ADCRR's) Criminal Investigation Unit (CIU), CIU Officer Ramos, and Maricopa County.  Plaintiff seeks monetary damages.

In **Count One**, Plaintiff alleges Defendant Neal used excessive force on him, in violation of the Eighth Amendment.  Plaintiff claims that on November 16, 2024, when Plaintiff was confined in the Arizona State Prison Complex-Lewis, Defendant Neal was "inciting inmates to fight in the chow hall."  Plaintiff states that "upon seeing a new officer uncomfortable with what was going on," Plaintiff told the new officer "that his words mattered and just be himself."  Defendant Neal told Plaintiff, "shut up Hatch you little bitch, to which Plaintiff walked over and asked . . . 'what did you say?' due to the chow hall being full and loud."  According to Plaintiff, Defendant Neal then, "unprompted[,] began assaulting the Plaintiff."  Plaintiff "attempted to get the officer off but [was] never given any directive by Officer Neal."  Plaintiff claims other officers watched Defendant Neal attack Plaintiff but made no move to intervene.  Defendant Neal then tased Plaintiff while Plaintiff was "attempting to get Neal off of him."  He claims Defendant Neal "maliciously pressed street charges."  Plaintiff alleges he suffered a concussion, "starvation for 4 days, no restroom or water breaks for 4 days, psychological trauma from having to urinate & defecate in a 3x3 cell and forced to sleep in the same cage with no cleaning then [was] isolated in an abandoned pod by [himself] for a month."

In **Count Two**, Plaintiff claims violations of his Eighth Amendment rights.  Plaintiff alleges that after Defendant Neal assaulted him, he was issued a disciplinary ticket that was later "exonerated by video footage."  According to Plaintiff, a year later, "CIU and Lewis Complex maliciously file[d] street charges committing double jeopardy."  He claims Maricopa County prosecutors have "video evidence of [him] getting assaulted" but charged him with aggravated assault.  Plaintiff claims this is wasting [his] time [and] life and [he is] unfairly being punished."

## IV.     Discussion

### A.     Failure to State a Claim

#### 1.     Defendants Watkins and Ramos

To state a valid claim under § 1983, plaintiffs must allege they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  Plaintiff alleges no facts regarding Defendants Watkins and Ramos and therefore fails to state a claim against them.  The Court will dismiss without prejudice Defendants Watkins and Ramos.

#### 2.     Defendant CIU

The Criminal Investigations Unit of ADCRR is not a proper defendant because it is a non-jural entity.  The CIU is simply an administrative division of ADCRR and is not a "person" amenable to suit pursuant to § 1983.  Accordingly, CIU will be dismissed from this action.

#### 3.     Defendant Maricopa County

"A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005).  A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).  Plaintiff has failed to allege facts to support that Defendant Maricopa County maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries

were caused by any municipal policy or custom. Thus, the Court will dismiss without prejudice Defendant Maricopa County.

### 4. Count Two

Plaintiff brings his claims in Count Two against Defendants CIU and Maricopa County. As discussed above, the Court will dismiss these Defendants. As no other Defendants are named in Count Two, the Court will dismiss without prejudice Count Two.

### B. Count One

On October 16, 2025, Plaintiff was charged in Maricopa County Superior Court, case number CR2025-007787, with one count of aggravated assault on a corrections officer, with an offense date of November 16, 2024. The proceedings are ongoing.[1] Plaintiff's criminal charges stem from the incident described in Count One.

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. *Younger* principles also apply to a plaintiff's request for damages, but in that situation, a temporary stay, rather than dismissal, is appropriate. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004). Staying the federal case until the state court criminal case is no longer pending

> allows the federal plaintiff an opportunity to pursue constitutional challenges in the state proceeding (assuming, of course, that such an opportunity is available under state law), and the state an opportunity to pass on those constitutional issues in the context of its own procedures, while still preserving the federal plaintiff's opportunity to pursue compensation in the forum of his choice. In this way, neither the federal plaintiff's right to seek damages for constitutional violations nor the state's interest in its own system is frustrated.

*Id.*

It appears, therefore, that a stay of this case is appropriate under *Gilbertson*. It also appears a stay is appropriate under *Wallace v. Kato*, 549 U.S. 384 (2007). In that case, the

---

[1] *See* https://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2025-007787 [https://perma.cc/72X2-96SH].

Supreme Court stated that if a plaintiff files a claim related to rulings that will likely be made in a pending or anticipated criminal trial,

> it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)], will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393-94 (citations omitted).[2] Accordingly, if Plaintiff is convicted of the aggravated assault charge, his Eighth Amendment excessive force claim would be barred by *Heck*.

The Court will stay this case until Plaintiff's state criminal proceedings have concluded. Plaintiff should note that a stay does not eliminate his federal court remedy, but it simply delays consideration of his civil claims until after the state trial court resolves his criminal charges. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

The Court will order Plaintiff to file a status report reflecting the status of his criminal case on July 1, 2026, and every 90 days thereafter, and will also require Plaintiff to file a status report within 15 days after entry of judgment in Maricopa County Superior

---

[2] In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994) (emphasis in original) (footnote omitted).

Court case CR2025-007787.  If Plaintiff fails to file a status report as directed, the Court will dismiss this case.

**V.      Warnings**

      **A.      Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

      **B.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

      **C.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)      As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)      Defendants Watkins, CIU, Maricopa County and Ramos are **dismissed without prejudice**.

(4)      Count Two of the Complaint is **dismissed without prejudice**.

. . . .

JDDL

(5)     This case is stayed pending the resolution of Plaintiff's criminal case in Maricopa County Superior Court case CR2025-007787.  The Clerk of Court must indicate on the docket that this case is stayed.

(6)     Beginning on **July 1, 2026, and every 90 days thereafter**, Plaintiff must file with the Court a "Notice of Status" informing the Court of the status of Plaintiff's criminal case, Maricopa County Superior Court case CR2025-007787.

(7)     Plaintiff must file a "Notice of Status" within **15 days** after entry of judgment in Maricopa County Superior Court case CR2025-007787.

(8)     If Plaintiff fails to file a status report on July 1, 2026, and every 90 days thereafter, the Clerk of Court must dismiss this action without prejudice.

Dated this 5th day of June, 2026.

James A. Teilborg
Senior United States District Judge

JDDL

- 8 -